# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN HUNSICKER,** | : | No. 3:05cr368-8 |
| Petitioner | : | 3:10cv1123 |
| | : | No. 3:07cr144-10 |
| | : | 3:10cv1133 |
| | : | (Judge Munley) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Having been briefed, the matter is ripe for consideration.

**Background**

A grand jury in the United States District Court for the Middle District of Pennsylvania indicted Petitioner Susan Hunsicker on three counts related to a conspiracy to distribute cocaine and cocaine base ("crack") on September 6, 2005. (See Doc. 1 in Case No. 05cr368). Petitioner made an initial appearance, pleading not guilty, on September 12, 2005. (See Docs. 20-21 in Id.). The court set conditions and released petitioner to pre-trial services on that day. (Id. at Doc. 22). The government filed a superseeding indictment naming petitioner on four drug-trafficking counts on September 20, 2005. (Id. at Doc. 55).

Another grand jury indicted petitioner on similar drug-related charges on April

4, 2007, while petitioner was released from jail under court supervision. (See Doc. 1 in Case. No. 07cr155). Petitioner made an initial appearance and pled not guilty in that case on April 12, 2007. (See Doc. 44). After her second arrest, Magistrate Judge Malachy E. Mannion ordered that plaintiff be detained pending trial. (See Doc. 54).

On August 28, 2007, petitioner filed a plea agreement on both of her cases with the court. (See Doc. 118 in 07cr144, Doc. 539 in 05cr368). The court accepted petitioner's motion to withdraw her not guilty pleas in both cases on September 4, 2007. (See Doc. 552 in 05cr368). After numerous delays, the court sentenced petitioner to a term of seventy months on each case, to be served concurrently, on August 6, 2009. (See Doc. 939 in Id.).

On May 25, 2010, petitioner filed the instant motion to vacate her sentences. (See Doc. 991 in Id.). The court ordered the government to respond to petitioner's motion. (Doc. 995 in Id.). The government did so, bringing the case to its present posture.

**Jurisdiction**

Petitioner brings this action pursuant to 28 U.S.C. § 2255. As such, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Federal law provides that a federal prisoner who claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The purpose of this statute is to allow "a prisoner in custody under sentence of a federal court to move that court to correct an erroneous sentence." United States v. Biberfeld, 957 F.3d 98,102 (3d Cir. 1992). In order to obtain relief under this statute, the Supreme Court has concluded that a plaintiff must demonstrate one of four grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose the sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 427 (1962).

**Discussion**

Petitioner seeks to vacate her sentence on two grounds. The court will address each in turn.

### 1. Ineffective Assistance of Counsel

Petitioner first argues that she was the victim of unconstitutionally ineffective counsel when her attorney failed to inform her that she would not receive credit for

acceptance of responsibility on her first case when the court calculated her sentence. The United States Supreme Court has found that "'the right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. In order to prove that his counsel was deficient at trial or sentencing, a defendant must convince a court of two factors: "[f]irst, the defendant must show that counsel's performance was deficient[,] . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Substandard lawyering is not enough to obtain relief, however: "[s]econd, the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Relief is only available to defendants who make "both showings." Id. In sentencing, "prejudice exists where the deficient performance affected a defendant's sentence." United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007).

Petitioner alleges that she signed a guilty plea in her case that "stated the government is granting me credit for acceptance of responsibility." (Motion to Vacate in 07cr144 at ¶ 12(a)). She contends she signed that plea pursuant to her attorney's advice, but did not receive the credit in her sentence. (Id.). Petitioner's

4

attorney informed her that she did not receive the credit because she was arrested on another charge while on pre-trial release. (Id). While not denying these events occurred, petitioner contends that the government was aware of her arrest at the time she signed the plea. (Id.). Had her attorney informed her that "the government can take back the terms of plea I would not have signed that plea." (Id.). She alleges that she "was misinformed and signed [the plea] under misleading information." (Id.).

The petitioner signed the plea agreement in question on August 16, 2007. (Doc. 118 in 07cr144). The agreement covered both cases here in question. (Id.). In that document, petitioner agreed to plead guilty to one charge on each indictment in exchange for the government dropping the other charges against her. (Id. at ¶ 1). The agreement contains a section related to acceptance-of-responsibility, the subject of petitioner's claim. (Id. at ¶ 9). That section provides that petitioner "will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines" with respect to the second of her two cases. (Id.). If petitioner "adequately demonstrate[d]" this acceptance, the parties agreed, "the United States Attorney's Office hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility." (Id.). At the same time, however, the government maintained that "the defendant is not entitled to acceptance of responsibility with respect to" petitioner's first case. (Id.). In the end, the parties agreed that "failure of the Court to

5

find that the defendant is entitled to a three-level reduction shall not be a basis to void the plea agreement." (Id.). Petitioner then signed a statement in which she acknowledged that "the Judge could, if he chose, sentence me to the maximum penalty for each offense; [sic] imprisonment for a period of twenty years and/or a fine of $1,000,000.00." (Doc. 119 in 07cr144 at ¶ 2). That statement also related that petitioner had "discussed these matters with [her] attorney and [she was] satisfied with his representation of me in these proceedings." (Id. at ¶ 6). Finally, petitioner agreed that she was "entering into this plea voluntarily with full knowledge of what rights I am giving up." (Id. at ¶ 7).

The court held a plea hearing to address both of petitioner's cases on September 4, 2007. (Transcript of Proceedings (Doc. 1017 in Case No. 05cr368) (hereinafter "P.T.")). The court explained to petitioner the rights she was abandoning by agreeing to plead guilty. (Id. at 4). These rights included a right to a jury trial; a right to be presumed innocent; the requirement that the government prove the charges against her beyond a reasonable doubt; the right to be represented by an attorney at trial; the right to confront the witnesses against her; the right to call witnesses on her own behalf; and the requirement that the verdict against her be unanimous. (Id. at 5-8). The court informed petitioner that if she pled guilty "there [was] not going to be any trial, there [was] not going to be any jury, and [she] will have waive[d] or surrendered or given up these rights I have just reviewed with you." (Id. at 8). Petitioner testified that she understood she waived those rights by

6

pleading guilty, and that she nevertheless agreed to the plea. (Id. at 8-9). The court then asked plaintiff: "if you enter a plea of guilty and it is accepted by the court, you understand you won't be allowed to withdraw your plea if you are unhappy with the sentence I impose[?]" (Id. at 9). Petitioner replied that she understood that fact. (Id.). She also testified that she understood the specific charges against her. (Id. at 10). She agreed that she had committed the drug-trafficking crimes of which she had been accused. (Id. at 12-13). Finally, petitioner testified that she had agreed to plead according to her own free will, and that she had not been forced, threatened or cajoled into pleading guilty. (Id. at 14).

The court also asked petitioner specific questions about the plea agreement she had signed. The court asked petitioner whether she had seen the plea agreement. (Id.). With the agreement placed in front of her, petitioner testified that she had seen the document, read it, and that her attorney had fully explained the agreement's terms to her. (Id. at 15). Petitioner testified that she had been given specific time to discuss the agreement with her attorney, and that she understood its contents. (Id.). She had no questions for the judge about what the document meant, and testified that her "understanding of the plea agreement [was] the same as that which is set forth in this written document." (Id.). The United States Attorney then summarized the plea agreement for the court. (Id. at 16). He stated that petitioner had agreed to plead guilty to one count of conspiracy to distribute cocaine and cocaine base, and one count of distribution and possession with intent

7

to distribute cocaine base. (Id.). While petitioner faced a maximum penalty of twenty years in prison and a $1 million fine on each offense, the government agreed to dismiss the remaining counts in the indictments against plaintiff and further agreed not to prosecute plaintiff on any other criminal charge arising out of the two indictments against petitioner. (Id.). Further, the government agreed to move for a three-level acceptance of responsibility reduction in petitioner's offense level on her second case if she could demonstrate acceptance of responsibility on those charges. (Id.). At the same time, the United States Attorney informed the court that "the Government's position is the Defendant is not entitled to acceptance of responsibility with respect to the earlier charge." (Id. at 17). The United States also agreed to consider any cooperation provided by the petitioner in determining whether to move the court for further downward departure of her sentence. (Id.).

The petitioner agreed that the terms described by the United States Attorney matched her "understanding of the plea agreement." (Id. at 18). She also testified that she had signed the agreement, and understood that the court could provide any sentence it deemed appropriate, even if that sentence exceeded the agreement between defendant and the U.S. attorney. (Id. at 19). Petitioner also understood that she would be bound by her agreement even if the court's sentence exceeded that stated in the agreement. (Id. at 21). Petitioner testified that she understood all of the information discussed by the court, and that she still wished to plead guilty. (Id. at 22). In the end, petitioner also agreed that she had read and signed a three-

page statement of the defendant, and that she and her attorney had discussed that statement. (Id. 24). Petitioner understood the document completely, had not been coerced or forced into signing it, and that the document was "true and accurate." (Id.).

Petitioner's sentencing hearing addressed these issues as well. In issuing a pre-sentence report, probation officers concluded that petitioner was not entitled to an acceptance-of-responsibility credit on her first-filed case. (Transcript of Sentencing Hearing (Doc. No. 653 in 07cr144) (hereinafter "S.T.") at 2-3). Petitioner's counsel argued that all agreed she had demonstrated an appropriate acceptance of responsibility in relation to the second-filed case. (Id. at 4). He conceded, however, that an "unusual factor" existed in the case: petitioner "was out on pretrial services" in the first matter "when the second offense occurred." (Id.). Defense counsel understood "that under the law . . . because of the new arrest she would not be entitled to acceptance of responsibility on the first case." (Id.). The plea agreement, counsel contended, showed that the government "recognize[d] those same factors." (Id.). Still, counsel argued, petitioner's exemplary behavior since her second arrest and her clear acceptance of responsibility should entitle her to some credit. (Id.). Petitioner had not tested positive for an illegal substances while on release, had cooperated fully with probation officers, and worked full-time. (Id. at 5). Counsel proposed that "the Court could think of some hybrid in between the zero and three [level reduction] where we could reduce her level a little bit and

9

get her a little closer to where we would want her, a shorter sentence." (Id. at 4). The government agreed that petitioner had accepted responsibility after her second arrest, but argued that committing the second crime vitiated any acceptance of responsibility on the first incident. (Id. at 5). The court agreed with the government that petitioner was not entitled to the credit she sought. (Id. at 6). Petitioner received a sentence of seventy months on each case, to be served concurrently. (Id. at 13).

The court will deny the motion to vacate on these grounds. Petitioner's claim is that her counsel was unconstitutionally ineffective for failing to inform her of the possibility that she would not receive credit for her acceptance of responsibility when she agreed to accept a plea in the case. Had petitioner been made aware of that possibility, she would not have accepted the plea deal, and the sentence would have been different. Even assuming that petitioner's counsel did not explain to her that the plea agreement contained language which indicated that petitioner would not receive credit for acceptance of responsibility, the evidence still indicates that petitioner had been made aware of that possible outcome and still decided to sign the agreement. As related above, the petitioner signed an agreement in which the government stated definitively that petitioner should not be given credit for acceptance of responsibility on her first case. In addition, petitioner signed a plea agreement that contained a provision that failure of the court to assign credit for acceptance of responsibility would not be grounds to vacate the sentence. Petitioner

10

does not aver that she did not read the agreement, and at her plea hearing the petitioner indicated that she understood and accepted the terms of that agreement. At her plea hearing, she testified that she understood the terms of the agreement and had agreed to them. The government described the essential terms of the agreement, stating publicly that U.S. Attorney's position that acceptance-of-responsibility credit was not availability on petitioner's first case. At her sentencing, petitioner's counsel agreement that acceptance of responsibility was not available, but argued for mercy on the issue from the court. Therefore, the evidence shows that petitioner had been made aware of the problems with receiving such credit when she decided to plea and did not object, the court heard argument on the issue at sentencing, and the court assigned a sentence that did not provide such credit. Thus, even if the court were to conclude that defense counsel's performance in this matter was deficient, the sentence would not be affected. No prejudice exists, and the court will deny the motion.

**2. Petitioner's Children**

As a second ground for vacating her sentence, petitioner argues that a reduction in her sentence is necessary to protect the rights of her infant child. Currently participating in a program that allows a prisoner to spend eighteen months with a newborn child, petitioner fears the consequences for this baby when the program ends and she returns to prison. Her three older children are being cared for by another person, but petitioner knows of no one who can care for her youngest.

11

Allowing a reduction in sentence would permit petitioner to care for this needy child.

The court will deny the motion to vacate on these grounds as well. Petitioner does not allege "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose the sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" Hill, 368 U.S. at 427. She therefore does not state any grounds to vacate the sentence under 28 U.S.C. § 2255; the court must dismiss the motion.[1]

**Necessity for a Hearing**

Finally, the court concludes that a hearing is not necessary on petitioner's motion. As related above, the evidence demonstrates that there are no grounds upon which petitioner could prevail. When a petitioner seeks to vacate a sentence through a motion brought pursuant to Section 2255, "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous." Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001). Here, the evidence demonstrates conclusively that petitioner was aware that the government opposed acceptance-of-responsibility credit on her

---

[1] The court notes that petitioner raised this issue at her sentencing, informing the court that "I have no one to care for my children . . . my mom passed away on Christmas day, she had a heart attack. So now I'm stuck with no one to provide for my kids. My other–one of my kids' fathers, he just went to jail for child support. They don't want nothing to do with him." (T. at 9). The United States Attorney agreed that the court should defer petitioner's reporting date based on these circumstances. (Id.). The court agreed that jail time was appropriate, and provided a sentence based on the circumstances.

12

first case, and that the failure of the court to provide such credit would not be grounds for vacating the sentence. The second of petitioner's allegations does not concern the validity of the sentence, and is thus patently frivolous.

**Conclusion**

For the reasons stated above, the court will deny petitioner's motion to vacate her sentence. The court also concludes that a hearing on this matter is unnecessary.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN HUNSICKER,** | : | No. 3:05cr368-8 |
| Petitioner | : | 3:10cv1123 |
| | : | No. 3:07cr144-10 |
| | : | 3:10cv1133 |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 28th day of January 2011, the petitioner's motions to vacate her sentence (Doc. 633 in 07cr144 and Doc. 991 in 05cr368) are hereby **DENIED**. The Clerk of Court is directed to **CLOSE** cases 10cv1123 and 10cv1133. The court declines to issue a certificate of appealability.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**