## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN HUNSICKER,** | : | **No. 3:05cr368-8** |
| **Petitioner** | : | **3:11cv409** |
| | : | |
| | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Having been briefed, the matter is ripe for consideration.

**Background**

A grand jury in the United States District Court for the Middle District of Pennsylvania indicted Petitioner Susan Hunsicker on three counts related to a conspiracy to distribute cocaine and cocaine base ("crack") on September 6, 2005. (See Doc. 1 in Case No. 05cr368).  Petitioner made an initial appearance, pleading not guilty, on September 12, 2005.  (See Docs. 20-21 in id.).  The court set conditions and released petitioner to pre-trial services on that day.  (Id. at Doc. 22). The government filed a superseding indictment naming petitioner on four drug-trafficking counts on September 20, 2005.  (Id. at Doc. 55).

Another grand jury indicted petitioner on similar drug-related charges on April 4, 2007, while petitioner was released from jail under court supervision.  (See Doc. 1

in Case. No. 07cr155).  Petitioner made an initial appearance and pled not guilty in

that case on April 12, 2007.  (See Doc. 44).  After her second arrest, Magistrate

Judge Malachy E. Mannion ordered that plaintiff be detained pending trial.  (See

Doc. 54).

On August 28, 2007, petitioner filed with the court a plea agreement on both of

her cases with the court.  (See Doc. 118 in 07cr144, Doc. 539 in 05cr368).  The

court accepted petitioner's motion to withdraw her not guilty pleas in both cases on

September 4, 2007.  (See Doc. 552 in 05cr368).  After numerous delays, the court

sentenced petitioner to a term of seventy months on each case, to be served

concurrently, on August 6, 2009.  (See Doc. 939 in Id.).

On May 25, 2010, petitioner filed a motion to vacate her sentences.  (See Doc.

991 in Id.).  The court directed the petitioner to complete and file a notice of election

on May 28, 2010.  (See Doc. 992 in Id.).  That order noted that "the document

presents grounds attacking [the] conviction or the sentence imposed or both."  (Id.).

The court warned petitioner that she could either "(1) have the motion ruled upon as

filed, but lose her ability to file a second or successive petitions absent certification

by the court or appeals or (2) withdraw the motion and file one all-inclusive § 2255

petition within the one-year statutory period prescribed by the Antiterrorism and

Effective Death Penalty Act of 1996."  (Id.).  Petitioner did not withdraw her motion,

and the court ordered the government to respond to petitioner's motion.  (Doc. 995 in

Id.).  After the government did so, the court issued a memorandum and order

2

denying the petitioner's motion.  (Id..)

On March 3, 2011, petitioner filed a second motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  (Doc. 1022 in Id.).  As grounds for her motion, petitioner alleges that her sentence is unfair due to disparities between the sentence she received on a crack cocaine charge and the sentence other women convicted on similar charges received.  Petitioner argues that the court used an improper ratio between crack cocaine and powder cocaine in determining her sentence.  She contends that the new standards established by the Fair Sentencing Act of 2010 apply to her case and mandate a lesser sentence.

**Jurisdiction**

Petitioner brings this action pursuant to 28 U.S.C. § 2255.  As such, the court has jurisdiction pursuant to 28 U.S.C. § 1331.   ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Federal law provides that a federal prisoner who claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  The purpose of this statute

3

is to allow "a prisoner in custody under sentence of a federal court to move that court to correct an erroneous sentence." United States v. Biberfeld, 957 F.3d 98,102 (3d Cir. 1992).  In order to obtain relief under this statute, the Supreme Court has concluded that a plaintiff must demonstrate one of four grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose the sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 427 (1962).

**Discussion**

Petitioner argues that she is entitled to a reduction in her sentence because the court did not consider changes to mandatory minimum sentences for crack cocaine established by the Fair Sentencing Act of 2010.  The court imposed its sentence in this case on August 6, 2009.  President Obama signed the Fair Sentencing Act into law on August 3, 2010.  United States v. Reevey, 631 F.3d 110, 113 (3d Cir. 2010).  This act "amended the minimum amount of crack cocaine necessary to trigger the five-year mandatory minimum prison term from five grams to twenty eight grams." Id. at 114.  The Third Circuit Court of Appeals has held that the Fair Sentencing Act does not apply retroactively. Id. at 115.  Therefore, even assuming that the five-year mandatory minimum sentence would not apply to petitioner's case if she were sentenced today, the court issued a sentence in

4

accordance with the law as it existed in 2009.   The court will dismiss the petition.

The court also concludes that a hearing is not necessary on petitioner's motion.  As related above, the law demonstrates that there are no grounds upon which petitioner could prevail.   When a petitioner seeks to vacate a sentence through a motion brought pursuant to Section 2255, "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous."  Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).  Here, the statute upon which petitioner relies for a reduction in her sentence was passed after petitioner received her sentence.  The statute does not apply retroactively, and the record therefore establishes conclusively that no relief is therefore available to petitioner.

## Conclusion

For the reasons stated above, the court will deny petitioner's motion to vacate her sentence.  The court also concludes that a hearing on this matter is unnecessary.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN HUNSICKER,** | : | No. 3:05cr368-8 |
| **Petitioner** | : | 3:11cv409 |
| | : | |
| | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## ORDER

**AND NOW**, to wit, this 31st day of March 2011, the petitioner's motion to vacate her sentence (Doc. 1022) is hereby **DENIED**.  The Clerk of Court is directed to **CLOSE** case number 11cv409.   The court declines to issue a certificate of appealability.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT